JOHN F. DOOLEY (SOPHIA DOOLEY, ADMINISTRATRIX), PLAINTIFF-APPELLANT, v. GEORGIA CASUALTY COMPANY, DEFENDANT-RESPONDENT.

Submitted March 22, 1923—Decided October 29, 1923.

Insurance—Cancellation for Failure to Pay Premium—Payment of Premium After Loss—Loss, Notice of Necessary.

On appeal from the Hudson County Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *McDermott, Enright & Carpenter*.

For the respondent, *Lazarus & Brenner* and *Edward L. Katzenbach*.

PER CURIAM.

This is an appeal from the Hudson County Court of Common Pleas, where judgment was directed for the defendant.

Dooley, decedent, had an insurance policy, insuring him against automobile accidents, with the defendant company. On September 26th, 1918, the company gave notice of cancellation to Dooley because of non-payment of premium, and on September 28th Dooley signed and returned registered receipt of letter of cancellation. On October 7th Dooley's automobile struck and killed one Sulzman. On October 9th agents of the company in Baltimore received a check, obviously mailed October 8th, from one Driscoll, agent for Dooley, for the amount of the premium. This check was received without any knowledge upon the part of the company or its agent of the accident, and was deposited October 10th and returned "no funds." October 18th it was again deposited and collected.

October 21st suit was brought for Sulzman against Dooley. October 23d defendant's agent in Baltimore received the

summons and complaint. October 29th report of accident was received by the agents of the company in Baltimore. October 31st the agents in Baltimore returned the summons and complaint, stating that they should not defend the action because the policy had been canceled, and also because no notice of the accident had been given as required by the policy.

After recovery of judgment against Dooley, Dooley brought this suit against the company. The trial judge directed a verdict for the defendant, and we think properly.

We think that the policy, by the undisputed proof, was canceled, and that the attempted revival of the policy after the accident of which the company had no notice, was futile.

We also think that the direction of a verdict was justified because of failure to comply with the clause in the insurance policy requiring that upon the occurrence of an accident the assured shall give immediate written notice thereof with the fullest information obtainable at the time to the company or its duly authorized agent.

The proofs seem to disclose pretty conclusively that the first intimation the defendant had of the accident was sixteen days after the accident, and that the only formal written notice was given twenty-two days after the accident, and accompanying it was an explanation that notice had not been given theretofore because of the illness of Mr. Dooley's agent Driscoll.

Some complaint is made in the brief of the refusal of the trial judge on rebuttal to permit Dooley to prove some sort of notice, prior to the formal notice, given by Driscoll by telephone, or on a "white piece of paper."

Our examination of the matter satisfies us that the action of the trial judge was not legally erroneous, first because it was not rebuttal, but also for the meritorious reason that there appears to have been no offer of testimony showing immediate written notice with fullest information obtainable.

The judgment will be affirmed, with costs.