PINCUS LEHRHOFF, APPELLANT, v. CONTINENTAL CASU-
ALTY INSURANCE COMPANY, RESPONDENT.

Submitted February 9, 1925—Decided March 16, 1925.

1. A policy of indemnity accident insurance provided that the as-
sured should give immediate notice, in writing, to the company,
or its authorized agent, of any accident causing loss covered by
the policy. In an action upon the policy the assured sought to
offer testimony of an oral notification to someone in the office of
the company. The court excluded the testimony. This ruling
held proper.

2. During the course of a trial the judge explained to the jury the
reason which moved him to admit certain testimony. The state-
ment was clear, and correctly defined the issues involved in the
case. *Held*, that the making of the statement was a proper
exercise of the discretion vested in the trial judge.

3. In an action upon an indemnity accident insurance policy the
defendant set up the defense that it had received no notice, in
writing of the accident which had caused the assured a loss. The
company also pleaded as defenses that the accident was due to
a violation of the Tenement House act for which the policy ex-
cluded recovery, and that the judgment obtained by the injured
person against the assured had not been affirmed by the court
of last resort as the policy provided. *Held*, that testimony of
how the accident occurred was admissible, as the company had
taken no position in denying that it had received immediate
notice, in writing, of the accident, which estopped it from setting
up the additional defenses mentioned.

On appeal from the Supreme Court.

For the appellant, *William Greenfield.*

For the respondent, *McCarter & English (Conover English,*
of counsel).

The opinion of the court was delivered by

KATZENBACH, J. The appellant, Pincus Lehrhoff, the
plaintiff below, was the owner of a tenement-house in the
city of Newark, known as Nos. 78-80 Prince street. One of
the tenants, Sarah Kramer, on September 26th, 1920, fell;

while descending the common stairway of the premises, and was injured. Mrs. Kramer claimed that her fall was due to the dilapidated condition of the stairway. Her skirt caught upon a nail, where the iron nosing of the stairway had been broken off. Lehrhoff held a policy of insurance, issued by the Continental Casualty Insurance Company, indemnifying him from liability for accidents occurring on said premises. Mrs. Kramer, on June 27th, 1921, instituted a suit against Lehrhoff to recover damages for the injuries she sustained by the fall. The insurance company claimed that it had had no notice, in writing, from Lehrhoff of the accident to Mrs. Kramer, as provided by its policy. It disclaimed for this and other reasons its liability under the policy. Lehrhoff defended the action. Mrs. Kramer recovered a judgment against him for $2,500, which he paid.

The present action was brought in the Supreme Court by Lehrhoff against the insurance company, upon its policy, to recover the amount of the Kramer judgment and costs. To the complaint of Lehrhoff the insurance company set up defenses—first, that no notice, in writing, of the accident was given to it by the plaintiff as the policy provided; second, that the accident occurred by reason of a violation of the Tenement-House law, and was for that reason not covered by the policy; and, third, that the judgment obtained by Mrs. Kramer had not been affirmed by the court of last resort as provided in the policy. Upon all of these defenses the plaintiff joined issue. The action was tried at the Essex Circuit. The trial judge permitted the case to go to the jury, which returned a verdict in favor of the defendant. The plaintiff has appealed to this court. The grounds of appeal are twelve in number. Five have been briefed by the appellant. Only those briefed by the appellant will be considered. The grounds of appeal not briefed will be considered as abandoned. *Manda* v. *United States Express Co.,* 85 *N. J. L.* 720.

The first point argued by the appellant is that the trial judge erred in sustaining the objection of the insurance company to the testimony of one Charles G. Simon. The

testimony sought to be offered by this witness was that he had gone to the New York office of the company and had notified someone in the office, orally, of the happening of the accident to Mrs. Kramer. We think the ruling of the trial judge in excluding this proffer of testimony correct. The policy provided that the assured should give to the company, or its authorized agent, immediate written notice of any accident causing loss covered by the policy. It was not pretended that Simon had given or was prepared to give any notice in writing to the company. This was a sufficient ground for the exclusion of the offer of this testimony. There was also no testimony offered that the person with whom Simon had talked was an authorized agent of the company. The policy required that notice be given to an authorized agent. It was properly excluded on this ground.

The second point for reversal briefed by the appellant deals with a statement made by the trial judge during the trial, giving to the jury the reason which moved him to admit the testimony of Sarah Kramer. The insistence of the appellant is that this statement tended to and did divert the minds of the jury from the issue to be determined by them which was whether or not written notice of the accident to Sarah Kramer had been given by the plaintiff to the defendant. We can see no merit in this contention. As has been stated, there were several defenses interposed, the second being that the defendant was not responsible to the assured because the accident occurred through a violation of the Tenement-House act. If the jury should find that a notice, in writing, had been given by Lehrhoff to the company, then the company was entitled to have the jury consider this second defense concerning which the testimony of Mrs. Kramer was relevant. The statement made by the trial judge was clear, well expressed, and correctly defined the issues. Instead of beclouding the issues, as argued by the appellant, we think the statement tended to clarify and simplify the issues raised in the case. We see no error in it. The making of the statement was entirely within the discretion of the learned trial judge.

The third point for reversal argued by the appellant is that the testimony of Mrs. Kramer, as to how the accident to her occurred, should not have been admitted. The appellant contends that where a defendant denies liability on one specific ground he cannot take any other position where the defendant leads the plaintiff to believe that that is the only question involved. The case of *Bohles* v. *Prudential Insurance Co.,* 84 *N. J. L.* 315, is cited to support this contention. This case was a suit upon a life insurance policy which the company had refused to pay on the ground that it had lapsed for non-payment of premiums. Whether it had lapsed or not depended on the construction of the word "month." The court held that the word "month" meant a calendar month, and that the premium was paid in time to prevent the policy from lapsing. In addition to the defense of non-payment of premiums the company contended that the nonsuit should be sustained because the plaintiff had failed to present proofs of death. It was, however, held that the company having denied liability on the ground of forfeiture for non-payment of premium, it would have been useless to submit proofs of death. The case *sub judice* presents a different situation. In the Bohles case the claim that proofs of death should have been furnished was inconsistent with the position taken by the company that the policy had been forfeited for non-payment of premiums. The attitude of the company amounted to a waiver of the defense of failure to submit proofs of death. In the present case the company, having no notice of the accident, was in no position to learn, and did not learn of the violation of the Tenement-House act by the insured until this fact was brought out in the action of Mrs. Kramer. The company did no act, which lulled the assured into inaction or caused him to omit doing anything which he might have done if the company had acted otherwise than it did. The position of Lehrhoff was not changed with respect to anything which the company did in disclaiming liability. There is present no element of estoppel which precludes the defense that the accident was due to a

violation of the Tenement-House act.  Mrs. Kramer's testimony was therefore admissible.

The fourth point argued by the appellant deals with the testimony of Freda Amsterdam, with reference to the condition of the stairway at the time of the accident to Mrs. Kramer.  The same objection is made to the admission of this testimony as was made to the admission of Mrs. Kramer's testimony.  The admissibility of this testimony has been considered.  We think the testimony of Freda Amsterdam admissible for the reasons already given.

The fifth point of the appellant deals with the court's refusal to strike out the testimony given by Sarah Kramer. We have decided that this testimony was relevant in certain aspects of the case.  It was therefore not error to refuse to strike it out.

Counsel for the appellant discusses in his brief the failure of Lehrhoff to take the Kramer case to this court for review. The trial judge did charge that the failure of Lehrhoff to take the Kramer case to the Court of Errors and Appeals was a good defense unless the insurance company had waived its right to enforce this provision of the contract.  While this portion of the charge is made a ground of appeal, yet there appears to have been no exception taken to the court's charge in this respect.  The attack, however, is made upon the same ground as that already dealt with, namely, that no defense except that of failure to give written notice of the accident could be interposed by the insurance company.  What we have said of the defense of failure to comply with the Tenement-House act applies equally to the appellant's argument upon this point.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Gardner, Van Buskirk, Clark, McGlennon, Kays, JJ.  16.

*For reversal*—None.