ARSENIO MACCHIA, PLAINTIFF, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, DEFENDANT.

Submitted November 6, 1924—Decided March 18, 1925.

Where a policy of fire insurance on a motor truck provided that "in the event of loss or damage the assured shall forthwith give notice thereof in writing to this company," and it is shown without dispute that no notice of any kind was given for at least forty days, and no sufficient reason appeared for any delay, the question whether such notice was "forthwith" is a question for the court and not for the jury.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Smith & Slingerland.*

For the defendant, *Joseph T. Lieblich.*

The opinion of the court was delivered by

PARKER, J. This is a suit upon a policy of insurance on a motor truck destroyed by fire. The plaintiff had a verdict and the defendant prosecutes this rule. We find it necessary to consider only two of the reasons urged; that the verdict was against the weight of evidence, and that the verdict was against the charge of the court.

The question involved under these reasons relates to the failure of the plaintiff to give the company forthwith notice of the loss. The policy in this respect reads as follows: "In the event of loss or damage the assured shall give forthwith notice thereof in writing to this company." So far as appears in the case, no notice whatever was given to the company for about forty days. The fire occurred on the 10th of April, and, apparently, the first knowledge the company had of the matter was on May 23d, or thereabouts, when a paper purporting to be a proof of loss was submitted. The trial court charged, and, as we think, correctly, that unless the plaintiff gave notice forthwith, he could not recover, but incorrectly, as we think, left it to them to say whether notice within the forty days was a compliance with the requirement that it should be given forthwith. The language of the charge on this subject was as follows:

"This fire occurred on the 10th day of April, and, so far as appears, no notice was ever given to this company of any loss until the first proof of loss was made out and sent to the special agent in Newark, and that some time, if I recall, after the middle of May. You see, members of the jury, that the company was entitled to know, within a reasonable time after the fire, the fact that a fire had occurred, so that they could inspect the damaged property and see what the loss was, and what the circumstances surrounding the fire were. And you are to say whether or not this plaintiff carried out the terms

of his policy by failing to notify the company of his loss for more than a month after it occurred.

"If you say he did not forthwith give that notice he cannot recover, and he has no one to blame but himself, for that is one of the provisions of the policy which he agreed to. He agreed in case of loss to give notice in writing to the company forthwith of a loss.

"That is the first problem which you gentlemen have to determine. Was that notice given forthwith within a reasonable time after the fire?"

Under the conceded facts of the case, we think this question, viz., whether notice was given in compliance with the policy, was not a jury question.

In *Roumage* v. *Insurance Co.,* 13 *N. J. L.* 110 (at *p.* 113), this court said, in commenting on similar language in an ordinary fire policy:

"As to the first point, there is no direct proof of notice, either verbal or in writing, previous to the furnishing of the statement of loss, which was done five days after the fire. The distance of the office of the company from the place of the fire was not exceeding six miles. The condition above cited requires notice to be given forthwith. This condition is not complied with, in its terms, by a notice in five days, nor is it in its spirit and intention. The notice is required that the company may, as early as possible, be acquainted with the event, that they may look after the property, and that they may have the best opportunity of investigating the circumstances."

These remarks were somewhat *obiter* as to the particular case, but correctly state the law.

So, also, in the case of *Orr Co.* v. *Metropolitan Co.,* 77 *N. J. L.* 749, it was held by the Court of Errors and Appeals that a failure to comply with the requirement that, upon discovery of a loss by theft, the insured should "give immediate notice thereof by letter to the home office of the company in New York City, and also by telegram to the company at the city where this policy is countersigned, briefly stating the particulars and probable amount of loss [telegraphic mes-

sage at the company's expense], and also to give immediate notice thereof to the company's local authorized agent and the nearest public police authorities having jurisdiction," was ground for a nonsuit.

The words "immediate," "forthwith," and the like, are ordinarily held to mean within a reasonable time, and it is elementary law that what is reasonable time depends on the circumstances of the case, and is ordinarily a question for the jury. But when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, then the question of what is a reasonable time is one of those questions of fact which are for the court and not for the jury, and are sometimes, though inaccurately, called questions of law. *Timlan* v. *Dilworth,* 76 *N. J. L.* 568. The question in that case was whether a defective condition had existed long enough for the landlord to discover it and using reasonable care and diligence to rectify it, and it was held that, under the circumstances, an interval of two and one-half working days was not a reasonable time. A similar decision will be found in *Schnatterer* v. *Bamberger,* 81 *Id.* 558, and *Krebs* v. *Rubsam,* 91 *Id.* 426. In *Black* v. *Mullins & Co.,* 86 *Id.* 463, an interval of a month between the execution and delivery and the recording of a chattel mortgage without satisfactory excuse or explanation was held to be an unreasonable time as a court question.

Apart from questions of waiver of this requirement of notice which might possibly have been in the case, and as to which we express no opinion, the jury was specifically instructed that, unless notice was given within a reasonable time, the plaintiff could not recover. This was the law of the case, and on that theory there might well have been a nonsuit, for, as a court question, forty days was clearly not a reasonable time, and as clearly was not "forthwith." And in holding that notice within forty days was within a reasonable time, as the jury must have done, they went clearly outside of and overrode the evidence in order to support a recovery.

The rule to show cause will be made absolute.