36 N.J. Super. 288 (1955)
115 A.2d 597
LOUIS A. MILLER AND HEDWIG E. MILLER, PLAINTIFFS-APPELLANTS,
v.
ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., AND ELIZABETH HELBIG, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1955.
Decided July 5, 1955.
*290 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Ira J. Katchen argued the cause for plaintiffs-appellants.
Mr. George J. Gockeler argued the cause for defendant-respondent, Zurich General Accident and Liability Insurance Company, Ltd. (Messrs. Gockeler and Cortese, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiffs sued in the Monmouth County District Court as derivative claimants on a policy of automobile liability insurance issued by the corporate defendant as insurer to the individual defendant as named insured. Plaintiffs had previously recovered judgment in the county district court against Carol Helbig, minor daughter of the present defendant Helbig, for damages resulting from a collision between an automobile owned by Elizabeth Helbig and operated by Carol and an automobile owned and operated by the plaintiff Louis A. Miller. In that action there was a judgment of dismissal in favor of Elizabeth Helbig, who had been joined as defendant. This is an appeal from a judgment in favor of defendants, to the extent that it absolves the insurance company. The county district court judge, sitting without a jury, held that the company was excused by reason of failure of performance of conditions precedent laid in the insurance policy upon the operator of the Helbig car.
The accident here in question occurred July 31, 1953. There was sharply controverted testimony by Carl Helbig, the father of Carol, to the effect that he phoned the office of the issuing agent of the company the day after the accident to report the occurrence and spoke to the agent about it subsequently. The complaint in the damage suit was filed *291 August 18, 1953. Service was made August 19, 1953 on the defendant Elizabeth Helbig personally and upon the defendant, Carol Helbig, sued by her guardian ad litem, Carl Helbig, by leaving a copy of the papers with his wife, Elizabeth Helbig. By letter dated August 20, 1953 and received by the defendant company August 24, 1953, an attorney representing Mrs. Helbig, personally, forwarded the summons and complaint served upon Elizabeth Helbig. The letter states: "My investigation discloses that the accident was due to the sole negligence of Mr. Miller." The letter did not enclose or refer to the service of the summons and complaint served, as aforestated, upon Carol Helbig, through her guardian ad litem. It is undisputed that Carol's operation of the car was within the scope of the policy definition of "Insured" as including any person using the vehicle with the permission of the named insured. The defendant company replied under date of September 2, 1953 to the attorney's letter and disclaimed any liability because of the asserted failure of the insured to give it notice "as soon as practicable of the happening of the accident, together with all pertinent information pertaining thereto." The company took no part in the defense of the damage suit.
In the present action and appeal the position of the defendant is that there was a breach by the insured, Carol Helbig, of contractual conditions precedent pertaining to written notification of the defendant of the accident and its particulars and requiring the forwarding of the summons and complaint served on Carol to the company. The language of the policy in these respects is as follows:
Condition 6 of the policy reads:
"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy * * *."
Condition 1 is as follows:
"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient *292 to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."
Condition 2 is as follows:
"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
The trial judge found, notwithstanding the testimony of Carl Helbig, that no notice of the accident was given the defendant company at all until it received the letter dated August 20, 1953. There was evidence to support the conclusion and we take it as a fact. The judgment of the court in favor of the company, however, appears to have rested, not on the lateness of notice or on the substantive inadequacy of the complaint, which it did receive on August 24, 1953, as furnishing particulars of the accident, but upon the fact that Carol Helbig did not herself notify the company of the accident and send it the summons and complaint served upon her. The court indicated it regarded the notification of the company of the accident by the forwarding of one copy of the process as timely, within the clause, "as soon as practicable," but that Carol's failure to make the notification or send in the process served on her was fatal to the claim, under Whittle v. Associated Indemnity Corporation, 130 N.J.L. 576 (E. & A. 1943). On this appeal the company defends on the same theory, although it does not concede the timeliness or the adequacy of the notification. Plaintiffs contend that the sending in of the summons and complaint on behalf of Elizabeth should be taken as notification to the company inuring in favor of Carol, so far as the giving of notice is concerned, and that the information contained therein and its transmission constituted substantial compliance with the other quoted terms of the policy by or on behalf of Carol.
We agree with the disposition of this matter by the trial court but we approach the result by another path. We are *293 not necessarily in accord with the determination below that it is required, for derivative recovery by an injured person against the tort-feasor's insurance carrier, that an additional insured under the policy, found liable, must himself have given notice of the accident to the company and personally forwarded the process served upon him. The Whittle case, supra, does not require that we go that far. The nub of that case was that the absenting himself for over two months by the additionally insured driver of the car constituted a fatal failure of the condition of cooperation by the insured. The court implied (130 N.J.L., at page 580) that the policy requirement of notice of the accident might be regarded as satisfied, "on behalf" of the driver, by the immediate information thereof given by the named insured. It is true that the court also said (id.) that the company was entitled "to have from its assured, as soon as practicable after the accident, all of the prescribed information available to its assured concerning the accident." But we do not believe the court was thus necessarily specifying the required contents of the notice of the accident, or indicating that the driver-insured was required personally to give it, but, rather, was only indicating that the driver-insured was obligated to remain available to supply to the company so much of the specified kind of information as was not contained in the notice of the accident. In respect to the matter presently under discussion it is to be noted that Condition 1, quoted above, permits the required notice to be given "by or on behalf of the insured" and we think that when a case flatly calling for it is presented it may well be held that one other than the driver-insured may give the company the notice of the accident (assuming that the particulars furnished are adequate) and forward to it any process served on such driver. See Slavens v. Standard Accident Ins. Co., 27 F.2d 859, 861 (9th Cir. 1928); Scott v. Inter-Insurance Exchange, 352 Ill. 572, 186 N.E. 176 (Sup. Ct. 1933); McClellan v. Madonti, 313 Pa. 515, 169 A. 760 (Sup. Ct. 1934).
This disposition of the ratio decidendi of the county district court requires that we turn our attention to the other *294 bases for immunity advanced by the insurer: (a) it received no notice of the accident "as soon as practicable"; (b) the notice did not contain sufficient "particulars" and "information" concerning the accident, as prescribed by Condition 1 of the policy; and (c) there was not immediately (or at all) forwarded to the company the summons and complaint served on the driver of the car.
Since, as indicated above, performance of the conditions stated is made by the policy a condition precedent to recovery thereon, we are controlled by the rule that, in the absence of waiver or estoppel, neither of which are here advanced, the company is entitled to assert substantial non-performance of any condition as a defense to any proceeding against it on the policy, entirely without regard to whether or not it has been prejudiced by the default. Whittle v. Associated Indemnity Corporation, supra; Bankers Indemnity Insurance Company v. A.E.A. Co., Inc., 32 N.J. Super. 471 (App. Div. 1954). It was suggested in argument that the harshness of the Whittle rule warrants a new approach. But a deliberately considered determination by a court of last resort is not to be disregarded by one of intermediate appellate status. Jersey Central Power & Light Co. v. Asbury Park, 128 N.J.L. 141, 146 (Sup. Ct. 1942), affirmed Jersey Central Power & Light Co. v. Monmouth County, etc., 129 N.J.L. 253 (E. & A. 1942).
There having been no prior notice of accident, the first question presented is as to whether the transmission of the summons and complaint received by the company August 24, 1953, 24 days after the accident in question, was a sending of notice "as soon as practicable." This phrase has been uniformly construed to mean, "within a reasonable time." Annotations 18 A.L.R.2d, 443, 448, 449; 123 A.L.R. 950, 958; 76 A.L.R. 23, 46. So, too, have such phrases as "immediate," "prompt," etc. (Id.); Macchia v. Scottish Union and National Insurance Co., 101 N.J.L. 258, 261 (Sup. Ct. 1925). Aside from special policy limitations and statutory qualifications it is fair to synthesize the cases by saying that the determination of what is compliance with a *295 provision of this kind must be adjudged in the light of the particular fact situation presented, including such circumstances as those related to the substance or triviality of the accident, knowledge by the insured as to its occurrence, reliance upon another insured to give notice, and injury to the insured or other reasonably justifiable extenuation for delay. The determination is not one of mere time lapse. Under a variety of circumstances, "as soon as practicable," or comparably construable phraseology has been held violated by notice delays of 22 days, Dooley v. Georgia Casualty Co., 1 N.J. Misc. 491, 492 (Sup. Ct. 1923) ("immediate written notice"); 10 days, Haas Tobacco Co. v. American Fidelity Co., 226 N.Y. 343, 123 N.E. 755, 13 A.L.R. 132 (Ct. App. 1919); 22 days, Rushing v. Commercial Casualty Ins. Co., 251 N.Y. 302, 167 N.E. 450 (Ct. App. 1929); 28 days, Vanderbilt v. Indemnity Ins. Co., 265 App. Div. 495, 39 N.Y.S.2d 808 (1943); 28 days, Zauderer v. Continental Casualty Co., 140 F.2d 211 (2nd Cir. 1944); 40 days, Macchia v. Scottish Union and National Insurance Co., supra; 3 1/2 months, Unverzagt v. Prestera, 339 Pa. 141, 13 A.2d 46 (Sup. Ct. 1940) (notwithstanding notice was given as soon as owner learned of accident); 18 days, Phillips v. Stone, 297 Mass. 341, 8 N.E.2d 890 (Sup. Jud. Ct. 1937); 94 days, Bankers Indemnity Insurance Company v. A.E.A. Co. Inc., supra; 94 days, Weller v. Atlantic Casualty Ins. Co. 128 N.J.L. 414 (Sup. Ct. 1942).
Notice was held timely in these cases: 22 days, Callaway v. Central Surety & Ins. Corp., 107 F.2d 761 (5th Cir. 1939); 3 1/2 months, Young v. Travelers Ins. Co., 119 F.2d 877 (5th Cir. 1941) (cases cited went on ground insurer not prejudiced); 4 months, London Guarantee & Accident Co., Ltd. v. Shafer, 35 F. Supp. 647 (S.D. Ohio 1940) (delay due to mistake of insured as to coverage by insurer); 94 days, Dearborn Nat. Casualty Co. v. Consumers Petroleum Co., 178 F.2d 277 (7th Cir. 1949) (insured learned of accident 84 days after occurrence); 22 days, Baker v. Metropolitan Casualty Ins. Co., 118 Conn. 147, 171 A. 7 (Sup. Ct. Err. 1934) (but only 7 days after notice of likelihood *296 of claim). The cases which are influenced by the factor of prejudice are, of course, not authoritative in this jurisdiction, where the policy provisions are such as these. This is not to say, however, that the fair construction of such a policy provision in application to a particular set of facts should not take account of the purpose of the provision from the insurer's viewpoint (see infra) as well as the problems of an insured in making compliance.
While the question as to what is a reasonable time, depending as it does upon the surrounding circumstances, is ordinarily for decision by the jury or fact-finder, yet when the facts are undisputed and different inferences cannot reasonably be drawn therefrom the question is for the court. Macchia v. Scottish Union and National Insurance Co., supra (101 N.J.L., at p. 261). Such is the situation here. So far as the alleged oral notice is concerned, the finding below was to the contrary. It is therefore not a mitigating factor on the issue of the reasonableness of the later notification. Moreover, where the policy requires written notice, verbal notification will not suffice. Lehrhoff v. Continental Casualty Ins. Co., 101 N.J.L. 375, 377 (E. & A. 1925). We think that the delay of over three weeks in notifying the defendant company of the accident here involved was unreasonable. No extenuating circumstances whatsoever are made apparent. There is no reason from the testimony and findings of the trial court to suppose that anyone in the Helbig household was planning to notify the company at all prior to the institution of the damage suit. A difference of weeks (and sometimes of days) in notification to an insurer of an accident may well spell the difference between its ability advantageously to prepare its defense or settle a claim and its relegation to a less favorable position. Weller v. Atlantic Casualty Insurance Co., supra (128 N.J.L., at p. 416). The pecuniary impact of a particular claim is of interest not only to the parties to the particular litigation but also to the general public which pays the premiums for automobile insurance  at rates which are directly affected by increased costs of carrier operation. See Clements v. *297 Preferred Acc. Ins. Co., 41 F.2d 470, 473, 76 A.L.R. 17 (8 Cir. 1930). Policyholders who cooperate with carriers to minimize or avoid losses by reasonable compliance with policy requirements of notice of accident ought not to be indirectly saddled with the added costs attributable to unreasonable defaults by other insureds. The present insured, and consequently also the plaintiffs, who stand in her shoes, "has no just cause for complaint if he be held to the substantial performance of duties thus freely undertaken. They are of the very essence of the contract." See Kindervater v. Motorists Casualty Ins. Co., 120 N.J.L. 373, 377 (E. & A. 1938).
We conclude that the judgment for the defendant should be affirmed for failure of compliance with the policy requirement as to time of notice. Our conclusion is one of law, based upon the undisputed facts and inferences and the trial finding as to the one disputed factual matter referred to above. Cf. Zauderer v. Continental Casualty Co., supra (140 F.2d, at page 214). There is therefore no necessity for treating the other defenses urged by the respondent.
Judgment affirmed.
FREUND, J.A.D. (dissenting).
I am unable to agree with the determination of my colleagues. I agree with the principles of law, but disagree with their application to the facts.
Several questions were raised on appeal. The majority opinion rules on two of them: on one, impliedly; on the other, squarely, deeming it unnecessary to consider the others because of the conclusion reached.
The first question was whether notice of an accident may be given an insurer by summons and complaint transmitted by the insured. The second was whether notice was given by the insured "as soon as practicable." It is on the latter point that the majority affirms the judgment below, treating the transmittal of the summons and complaint by the insured's attorney as notice of the accident, but holding it untimely as a matter of law. Here I disagree, believing that *298 the question is one of fact to be decided upon a consideration of all the evidence.
The trial court entered judgment for the defendant because the insured did not herself give notice and did not rule on the issue of timeliness, interpreting the case of Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943) as holding that every insured was obliged to give notice and to comply with the terms of the policy, and that as the summons and complaint served upon the minor were not sent to the insurer, there was a failure of compliance with a condition of the policy. On this phase, the majority held, and I agree, that the Whittle case is not to be so strictly interpreted.
Whether the notice was given "as soon as practicable" is a preliminary question of fact to be determined before liability may be imposed upon the insurer, but it is not a fixed time. Vande Leest v. Basten, 241 Wis. 509, 6 N.W.2d 667 (Sup. Ct. 1942); 8 Appleman on Insurance, § 4734, Note 34, p. 1007. In Macchia v. Scottish Union and Nat. Ins. Co., 101 N.J.L. 258 (Sup. Ct. 1925), the Supreme Court in construing a clause requiring notice to be given "forthwith" held as follows:
"The words `immediate,' `forthwith,' and the like are ordinarily held to mean within a reasonable time, and it is elementary law that what is reasonable time depends on the circumstances of the case and is ordinarily a question for the jury. But, when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, then the question of what is a reasonable time is one of those questions of fact which are for the court and not for the jury, and are sometimes, though inaccurately, called questions of law."
In that case, the court as a matter of law held that 40 days was not a reasonable time. Where immediate notice had to be given, a delay of 22 days was held fatal. Dooley v. Georgia Casualty Co., 1 N.J. Misc. 491 (Sup. Ct. 1923). On the other hand, there may be circumstances when a delay of 22 days is not an unreasonable time as a matter of law.
In the instant case, the majority holds that the lapse of 20-odd days constitutes a breach of the policy condition as *299 a matter of law. The trial court did not decide this aspect, believing it unnecessary to a determination of the controversy. However he stated that, if called upon to make such a ruling he would have held the notice timely as a matter of law  "the alacrity in the institution of suit brought the delivery of process to the defendant company within a reasonable interpretation of the phraseology `as soon as practicable.'"
In my opinion, whether or not 20 days' notice is "as soon as practicable" is a question of fact. Since the trial court made its determination without regard to such issue, the record is not complete. Hence, I believe that the issue of timeliness should not be determined as a matter of law, but is a question of fact for determination only after the presentation of all available evidence.
Accordingly, I would reverse the judgment and remand the cause for a new trial on the issue as to whether the insurer received notice of the accident "as soon as practicable."