77 N.J. Super. 491 (1962)
187 A.2d 28
MARION I. BASS, PLAINTIFF-RESPONDENT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1962.
Decided December 26, 1962.
*492 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Edward C. Hillis argued the cause for appellant (Messrs. Marley, Winkelried & Hillis, attorneys).
*493 Mr. Morris Brown argued the cause for respondent (Messrs. Wilentz, Goldman & Spitzer, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This case involves the issue whether or not an insured complied with the provision in his insurance policy requiring him to give written notice of "an occurrence" to his insurance carrier "as soon as practicable." The trial judge held that the insured had complied with such provision. The insurance carrier appeals.
Plaintiff was the holder of a homeowners' liability insurance policy issued by defendant insurance company. Among the conditions set forth in the policy are the following.
"4. Notice of Occurrence: When an occurrence takes place, written notice shall be given by or on behalf of the Insured to this Company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the occurrence, the names and addresses of the injured and of available witnesses.
5. Notice of Claim or Suit-Coverage F: If claim is made or suit is brought against the Insured, the Insured shall immediately forward to this Company every demand, notice, summons or other process received by him or his representative."
On March 29, 1959, while said policy was in force, Dennis Peterson, a 15-year-old neighbor's son, a friend and classmate of plaintiff's son Marion Jr., was bitten by plaintiff's dog. Dennis was taken to the hospital where he remained about two days. A few stitches were put in his left hand and he was given a series of anti-rabies shots.
On the night of the accident plaintiff visited the hospital, met Mr. Peterson, the father of Dennis, and offered to pay the medical expense. He told Mr. Peterson, "If there was any expense I had insurance and it would take care of it." However, Mr. Peterson said, "Don't worry, my son always has some kind of trouble like this, forget it. We're friends." Plaintiff did not notify his insurance carrier of the incident.
*494 After Dennis' release from the hospital he continued to visit plaintiff's home on dozens of occasions, eating there and the like. He and plaintiff's son went on double dates together. They planned a camping trip. Neither Dennis nor his father intimated that a claim would be made for the injury. As plaintiff stated in answer to a question put to him by the court as to whether or not he expected to be sued,
"No, Judge. These were very good close friends. I knew him as well as I know my brother. They have been in our home, we have been in their home."
On June 4, 1959 plaintiff was served with a summons and complaint in a suit by Dennis and his father seeking damages. Plaintiff immediately notified defendant in writing of the claim and forwarded the suit papers to it. Defendant wrote to plaintiff that it was reserving the right to disclaim, and forwarded the papers to counsel, who filed an answer on behalf of plaintiff. Thereafter defendant did disclaim, and plaintiff was obliged to retain his own attorney to defend the claim. Ultimately the case was settled by the entry of a consent judgment against plaintiff for $800, which plaintiff has paid.
Plaintiff then filed the instant suit for $1,000 damages, charging that the dog bite was an insured risk under the policy issued by defendant and that defendant should have defended against the claim and paid the judgment. Plaintiff sought reimbursement for the $800 paid by him, as well as $200 legal expenses incurred in defending the suit. Defendant does not question the reasonableness of the $800 settlement or the $200 counsel fee, and has stipulated that if plaintiff is entitled to recover, his damages would be $1,000. Also, defendant concedes that the homeowners' liability policy issued to plaintiff by defendant was in full force and effect on March 29, 1959, and that the occurrence of that date was one of the risks covered by said policy.
The sole basis on which defendant resists plaintiff's claim is plaintiff's alleged failure to comply with condition *495 (4) of the policy, supra, requiring that notice of the occurrence be given to the company as soon as practicable. Under the policy full compliance by the insured with all of the terms thereof is made a condition precedent to company liability. Therefore, absent a claim of waiver or estoppel, neither of which has been raised, failure by the insured to comply with the "Notice of Occurrence" condition is a complete defense to a suit on the policy. This is so entirely without regard to whether the company has actually suffered any prejudice. Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943). It has been suggested that the harshness of the Whittle rule warrants its reconsideration. Miller v. Zurich Gen. Accident & Liability Ins. Co., 36 N.J. Super. 288, 294 (App. Div. 1955). However, Whittle was decided by our State's highest court, and any reconsideration of its holding is for our Supreme Court. Miller, supra.
The policy in question requires that written notice of the occurrence shall be given to the company as soon as practicable. This phrase has been construed to mean within a reasonable time. Macchia v. Scottish Union & Nat. Ins. Co., 101 N.J.L. 258 (Sup. Ct. 1925). The question as to what is a reasonable time depends on the facts and circumstances of the particular case, and is ordinarily a factual issue for resolution by the jury unless the facts are undisputed and different inferences cannot reasonably be drawn therefrom. Miller, supra, at p. 296. However, mere time lapse of itself is not determinative.
Here, the trial judge, sitting without a jury, had before him the evidence showing the nature of the accident and the injury, the relationship of the parties both before and after the incident, and the injured boy's father's assurances to plaintiff. Defendant does not assert any actual prejudice as a result of the alleged late notice, and while, as heretofore noted, this does not excuse an insured's dereliction, absence of prejudice is a factor which may be taken into account in determining whether or not the notice was given within a reasonable time. Mahon v. American Casualty Co. of Reading, *496 Pa., 65 N.J. Super. 148, 183 (App. Div. 1961), certification denied 34 N.J. 472 (1961). Considering all of the foregoing, the trial judge found that there were extenuating circumstances such as to justify plaintiff in not giving notice until the claim against him was asserted, i.e., that plaintiff had given written notice of occurrence to defendant within a reasonable time.
Defendant, in challenging the trial court's ruling, argues that the policy, in conditions 4 and 5, supra, clearly distinguishes between notice of the occurrence and notice of the claim or suit, and that compliance with the latter cannot be taken to be a compliance with the notice of occurrence requirement.
Defendant also points to plaintiffs conversation with Mr. Peterson as indicating that plaintiff was well aware of possible liability on his part for the boy's injuries. Therefore, says defendant, plaintiff had no right to assume from Mr. Peterson's casual remark that no claim would be asserted.
We conclude that the totality of the facts and circumstances herein presented support the trial judge's determination that plaintiff had given notice of the occurrence within a reasonable time. Without repeating such facts and circumstances, they result in a situation in which it is apparent that plaintiff reasonably believed that the boy had suffered minor injuries and no claim would be asserted.
The "Notice of Occurrence" condition in a policy is not breached by mere delay in the giving of notice in a situation where the insured, acting as a reasonable and prudent man, had no grounds for believing at the time that a claim for damage would arise. See Annotation 18 A.L.R.2d 443, § 22, and cases cited in supplemental service thereto. As heretofore noted, defendant does not claim any actual prejudice and there is not the slightest suggestion of fraud or collusion. Cf. Jackson v. State Farm Mutual Automobile Ins. Co., 29 So.2d 177, 179 (La. Sup. Ct. 1946).
Miller v. Zurich Gen. Accident & Liability Ins. Co., supra, is not at odds with the ruling herein. In Miller we *497 held that a delay of over three weeks in notifying the insurance carrier of the accident was unreasonable where "no extenuating circumstances whatsoever" were made apparent. Here, the evidence abundantly demonstrated the existence of extenuating circumstances from which the reasonableness of plaintiff's delay could properly be determined by the trial judge.
Affirmed.