### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff Below, Appellant,

v.

### Fairy Belle JOHNSON et al., Defendants Below, Appellees.

Supreme Court of Delaware.

Nov. 2, 1973.

Stephen P. Casarino, of Tybout, Redfearn & Schnee, Wilmington, for plaintiff below, appellant.

Charles K. Keil and William J. Alsentzer, Jr., of Bayard, Brill & Handelman, Wilmington, for defendants below, appellees.

CAREY and DUFFY, JJ., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

This is a declaratory judgment action by State Farm Mutual Automobile Insurance Company (hereinafter State Farm) against Geraldine Miller, its insured, and against Fairy Belle Johnson and John W. Johnson. The Johnsons sued Miss Miller for personal injuries resulting from an automobile accident on July 13, 1969. State Farm then began this action in Superior Court, seeking a determination that it had no obligation to provide a legal defense or to pay appellees any money as a result of the litigation.

The issue in this appeal is whether the insured notified her insurer "as soon as practicable" in accordance with the terms of her insurance policy. The Superior Court found that Miss Miller had satisfied this requirement of the policy, hence State Farm was liable to its insured. State Farm appealed, arguing that the lower Court erred in ruling that the 34-week delay in notification was caused by circumstances sufficiently unique to support a finding that the insured's coverage continued. That Court considered the guidelines established by Home Indemnity Company v. Ware, 183 F.Supp. 367 (D.C.Del.1960), affirmed 285 F.2d 852 (3d Cir. 1960).

I

On July 13, 1969, the automobile operated by Miss Miller struck a pedestrian, Fairy Belle Johnson. This accident occurred in the private driveway at 307 31st Street in Wilmington, the residence of both Mrs. Johnson and Miss Miller. Miss Miller knew that Mrs. Johnson had been injured and taken to the hospital, yet did not report the accident to State Farm's agent until March 16, 1970.

The policy provided that written notice of accident, occurrence, or loss be given to the company "as soon as practicable." * After careful review of the totality of the circumstances of this case, we find that the Court below erred in concluding that Miss Miller's notice to her insurer some 34 weeks after the accident was indeed "as soon as practicable."

The Court below acknowledged that the delay between the accident and notice to the appellant would, under generally accepted principles of law, preclude coverage under the policy provisions. In determining that the circumstances of this case warranted the conclusion that the delay did not violate the policy terms, the Court below relied upon Home Indemnity Company v. Ware, *supra*.

The factual circumstances of the instant case are very different than those in *Ware, supra*. In that case, the defendant's stepson, Fred White, was involved in an accident while driving a vehicle which he had stolen. He did not have a driver's license. The accident, in which White's two passengers were injured, was not reported to the insurance company until more than 12 weeks after its occurrence. The insured delayed in reporting the accident because it did not occur to him that he might be covered under those bizarre circumstances, and the Court found that the delayed notice had been given "as soon as practicable," saying: "The mind of the average man would, I believe, reject the thought that the unlicensed stealer of a car involved in a collision could possibly hope to be protected by insurance." Home Indemnity Company v. Ware, *supra*, at 369.

■ As the Court said in *Ware*, mere lapse of time is not necessarily the determining factor; the question is whether notice is given within a reasonable time in view of the facts and circumstances of the particular case. In our opinion, the facts of the present case do not support the conclusion that notice was given as soon as practicable. Appellee Miller, the policyholder, was driving her own automobile with the authority of a valid operator's license. The policy terms are not ambiguous, and indeed she does not contend that any language in the policy led her to believe that this accident was not covered by insurance. Instead, she argues that certain collateral facts justify her 34-week delay in notifying the insurance company of the accident.

■ Although Miss Miller had promptly reported other accidents to her insurance company, she gives three reasons why the 34-week delay in this case should be deemed reasonable. First, the insured claims to have received "sidewalk" advice from a friend to the effect that the accident was not covered because it occurred on private property. This argument is without merit; we cannot say that it is reasonable to rely upon this kind of advice from such a source when the policy terms themselves make no distinction between public and private property. Furthermore, in this case the insured had occasion to consult an attorney about an unrelated matter some two and one-half months after the accident, and had an opportunity to verify this belief at that time.

■ Second, appellee Miller had some assurances from the daughter and son-in-law of the Johnsons that no claim would

---

* The pertinent provision is as follows:
"POLICY CONDITIONS—APPLICABLE TO ALL COVERAGES UNLESS OTHERWISE NOTED
"1. Notice of Accident, Occurrence or Loss. In the event of an accident, occurrence or loss, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.

Such notice shall contain particulars sufficient to indentify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident or occurrence, names and addresses of injured persons and available witnesses. In the event of theft, larceny, robbery or pilferage prompt notice also shall be given to the police."

be made against her as a result of this accident. She cites Bass v. Allstate Insurance Company, 77 N.J.Super. 491, 187 A.2d 28 (1962) for her argument that this justified the delay in notification to the insurer. There, the insured's dog had bitten the son of a friendly neighbor. It was the injured boy's father who told the insured to " . . . forget it. We're friends." Nine weeks later, a delay of only one-fourth of the time involved in this case, the accident was reported. Under these circumstances, the company was held liable under its policy. We note that this case and other cases relied upon by the appellee involve statements or assurances given by parties most likely to initiate a claim against the insured. We do not decide whether reliance upon assurances from an injured party may be reasonable, and hence justify some delay in reporting a claim, but we do hold that one cannot reasonably rely upon such statements made by the daughter and son-in-law of the accident victim as justification for a 34-week delay in reporting the accident.

■ Third, Miss Miller claims that she mentioned the accident to her attorney and was advised by him not to make any statements concerning the accident, and that she construed this advice to mean that she should not report it to her insurer. This inference was patently unreasonable. The attorney no doubt assumed that she had already reported it, and was obviously warning her against talking to other people about the accident.

## II

■ Appellees devote a considerable portion of their brief to the argument that the trial Court's holding, supported by competent evidence, should not be disturbed unless arbitrary or clearly unreasonable. However, the cases cited by them concern the standard of review to be applied to a trial Court's findings of fact, and are therefore inapposite. We are not here disputing the lower Court's findings of fact, but its conclusion of law, to-wit: whether the insured notified her insurer "as soon as practicable." She did not, in our opinion.

## III

Finally, appellees argue that the appellant must show that it was in fact prejudiced by insured's delay in giving notice of the accident. The Court below ruled against the appellees on this point; it held that the insurance carrier is not obliged to show prejudice caused by the delay in reporting the accident, and limited the trial to the factual issue of whether the insured failed to comply with the notice provisions of the policy as soon as practicable. At the trial, the appellees offered to prove that the insurer suffered no harm or prejudice from the delay in reporting the accident. This offer was rejected by the Court below. The question has been discussed to some extent in the briefs filed with us, the appellees arguing that, if the appellant was not prejudiced by the delay, the judgment should not be reversed.

Cases in other jurisdictions on this point of law are divided, and it apparently has never been decided by this Court. We assume that counsel will desire the opportunity for additional briefing and argument before submitting the issue. Counsel may agree upon a briefing schedule; if they cannot, we should be promptly informed and will establish one. Oral argument will take place in due course.