84 N.J. Super. 349 (1964)
202 A.2d 195
ANNA PATRON FIGUEROA, ET AL., PLAINTIFFS,
v.
HELEN PUTER, DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, THIRD-PARTY DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1964.
Decided June 30, 1964.
*351 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Seymour Feingold argued the cause for appellant (Mr. Samuel Kaplan, attorney).
Mr. John J. Lee argued the cause for respondent (Messrs. Campbell, Mangini, Foley & Lee, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This was initially a suit by a tenant against her landlord in which the latter was charged with negligence in the repair and maintenance of a stairway located in the premises (a house) leased by the tenant and her husband. It was alleged that by reason of such negligence the tenant fell on the stairway, resulting in the injuries complained of.
*352 The instant appeal involves a third-party complaint for indemnity filed by the defendant landlord against the Allstate Insurance Company, which had issued to her a policy, in effect at the time of the accident, covering the landlord's liability on the claim. A separate trial of the third-party complaint in advance of trial of the main action resulted in a judgment of dismissal with prejudice, the trial court, sitting without a jury, finding that the landlord had failed to provide the company with timely notice of the accident under the following provision of the policy:
"9. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses." (Emphasis added)
The landlord appeals from the judgment entered for Allstate on this finding. She is an Austrian-born woman who lived in the Bronx, New York, at the time of the events giving rise to this litigation. The lack of clarity in the factual record presented to this court may de due, in part, to her difficulty with the English language.
The house in question is in Carteret. On January 21, 1961 the tenant fell down a stairway inside the house, sustaining injuries which required her to be hospitalized. The record does not establish the exact date when the landlord first heard of the accident. The trial court found that she had knowledge of the incident "within the first half of the month of February 1961," the exact date being "not clear." Plaintiff's testimony in this respect is quite confused. At various times she stated that she first learned of the fall on January 21, February 1 and February 15. It is evident, however, that whenever she did first acquire knowledge of the accident, she did not at that time notify Allstate. It is also clear that the tenant did not during this period indicate her intention to make a claim or request the landlord to pay the medical bills.
*353 Counsel for third-party plaintiff makes some effort to demonstrate she originally understood the accident to be the result of the tenant's illness. However, we find the evidence insufficient to support such an inference.
In the first week of March 1961 the landlord received a letter from the tenant's attorney about the accident, requesting the name of her insurance company. She testified, but not very clearly, that within a week after receiving this letter she delivered it to the Allstate agent in Perth Amboy from whom she had purchased the policy. The Allstate representative told her that he would "take care of it." The company denied that it received notice at that time. Its file indicated that it first learned of the accident by way of a letter from the tenant's attorney dated April 5, 1961. A claims file for the case was opened on April 10, and on April 19 the company dispatched an investigator to secure from the landlord a statement of her reasons for failing to report the accident. Allstate disclaimed liability by letter to the landlord of June 7, 1961.
In its letter-opinion deciding the case, the trial court was "of the opinion that under all the facts and circumstances herein set forth, the [landlord] failed to give timely notice as provided for in said contract of insurance * * *." As will appear, more specific findings and determinations will have to be made by the trial court before this case can be properly reviewed.
It is well settled that an insurance company will be relieved of liability where the insured has failed to fulfill the condition precedent of the policy of giving timely written notice of an accident covered by the policy, and this regardless of whether the company has been prejudiced by such failure. Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943). But absence of prejudice to the company may be considered in relation to the issue of unreasonableness of the length of time taken to give notice after rise of the duty to do so. See Miller v. Zurich Gen. Accident and Liability Ins. Co., 36 N.J. Super. 288, 296 (App. Div. 1955).
*354 The policy in the instant case provided for notice "as soon as practicable." This phrase has uniformly been construed to mean, "within a reasonable time." Miller v. Zurich Gen. Accident and Liability Ins. Co., supra (36 N.J. Super., at p. 294); Bass v. Allstate Ins. Co., 77 N.J. Super. 491, 495 (App. Div. 1962); Associated Metals, etc., Corp. v. Dixon Chemical, etc., 82 N.J. Super. 281, 316 (App. Div. 1964). "The question as to what is a reasonable time depends on the facts and circumstances of the particular case," Bass v. Allstate Ins. Co., supra (77 N.J. Super., at p. 495); Ebert v. Balter, 74 N.J. Super. 466, 471 (App. Div. 1962); Miller v. Zurich Gen. Accident and Liability Ins. Co., supra (36 N.J. Super., at pp. 294-295), and is a question of fact for resolution by the jury or fact-finder, unless the basic facts are undisputed and only one inference can reasonably be drawn therefrom. Miller, supra (36 N.J. Super., at p. 296); Mahon v. American Cas. Co. of Reading, 65 N.J. Super. 148, 182 (App. Div. 1961), certification denied 34 N.J. 472 (1961).
It may be observed preliminarily that the accident involved here is one within the policy in the sense that a claim arising therefrom would have to be defended by the insurer. But the law with respect to compliance with the notice provision of an insurance policy is not absolute. It is readily conceivable that a groundless suit may catch an insured, as well as his insurer, by surprise. The patent injustice of a rule which would require an insured to notify his carrier of an incident which he could not reasonably be expected to regard as involving liability on his part requires its rejection. This court has recently enunciated the sound rule in this area as follows: "The `Notice of Occurrence' condition in a policy is not breached by mere delay in the giving of notice in a situation where the insured, acting as a reasonable and prudent man, had no grounds for believing at the time that a claim for damage would arise." Bass v. Allstate Ins. Co., supra (77 N.J. Super., at p. 496). See also 29A Am. Jur., Insurance, § 1393, p. 507; 45 C.J.S., Insurance, § 1056, p. 1281; *355 Annotation, 18 A.L.R.2d 443, 472 (1951). While Bass involved affirmative action by a prospective plaintiff which caused the insured to believe that no claim would be made, the "reasonable man" standard has also been applied in cases involving an insured's failure to recognize, on the basis of the nature of the incident itself, a possibility of his liability, as well as cases in which the insured investigated an accident and made a conscious decision that he was under no liability. See Associated Metals, etc., Corp. v. Dixon Chemical, etc., supra (82 N.J. Super., at p. 317); Hartford Accident & Indem. Co. v. Lochmandy Buick Sales, 302 F.2d 565 (7 Cir. 1962); Leytem v. Fireman's Fund Indemnity Company, 249 Iowa 524, 85 N.W.2d 921 (Sup. Ct. 1957). See also Pawtucket Mutual Insurance Company v. Lebrecht, 104 N.H. 465, 190 A.2d 420 (Sup. Ct. 1963); Marallo v. Aetna Casualty & Surety Company, 148 N.Y.S.2d 378 (Sup. Ct. 1955).
In deciding whether the insured has acted as a reasonable person would in relation to the time when notice was given, the court should take into consideration the "particular background, intelligence and experience" of this particular insured. Cf. Bucuk v. Edward A. Zusi Brass Foundry, 49 N.J. Super. 187, 211 (App. Div. 1958), certification denied 27 N.J. 398 (1958). This is because the standard of conduct to be applied involves some knowledge of or assumptions as to the law of liability by the insured and some judgment on her part respecting application of the law to the known facts. "This is not an area for application of standards applicable to the ordinary `reasonable man,' within the general tort viewpoint." Ibid.
The findings by the trial court are inadequate to permit a review of the ultimate determination by this court. We have no findings on the basis of which it can be determined when the landlord's duty to notify the insurer arose nor as to when she did ultimately notify the company.
Thus we must remand the matter for further findings of fact. We direct that the following factual issues be resolved *356 by the trial court in the order stated, and that a new ultimate determination of liability based upon such findings be entered.
1. Was the letter from the tenant's attorney in fact delivered by the landlord to Allstate in or about the second week of March 1961, as contended by the landlord? The effect of an affirmative answer to this question will be considered below. If the insurer was not given notice at that time, judgment in its favor must follow. There can be no question but that the insured became obligated to notify the company at least upon receipt of the attorney's letter. The six-week delay between this date and April 19, when the landlord gave the company a written statement at the latter's behest, was unreasonable as a matter of law, see Miller, supra (36 N.J. Super., at p. 296), especially in view of the fact that the accident had occurred some one and one-half months before the claim letter was received.
2. If the landlord did turn the lawyer's letter over to the insurer in or about the second week of March 1961, we hold this constituted the giving of written notice of the accident agreeably to the policy. As to whether it was timely, it must first be determined when the landlord's duty of notification arose; i.e., notice had to be given within a reasonable time after the duty of notification arose. There are two possible operative dates as to when the duty of notification arose: (a) when the landlord first learned of the tenant's fall; (b) when she received the letter from the tenant's attorney.
Allstate contends that it was entitled to notice when its insured first learned of the accident and that the delay between that date and the second week of March (assuming a finding by the trial court that notice was given then) was unreasonable. The landlord's position is that she had no idea that a fall by a tenant on a stairway inside of a wholly rented house would result in a claim against her and that her duty to notify Allstate did not arise until she received the letter from the tenant's attorney indicating that a claim would be made. It will be for the trial court, in the first instance, to decide whether the landlord as a reasonable person should *357 have given notice prior to receiving the letter from the attorney.
This involves two subordinate findings: (1) whether a reasonable person in the landlord's position should have realized when she heard about this accident that it might give rise to a claim; and (2), if so, whether an unreasonably long period of time elapsed between the date of learning about the accident and going to the company with the lawyer's claim letter (if she did). In the latter regard the court should attempt a more specific finding than that in the opinion now before us, if possible, as to exactly when the landlord did hear about the accident.
Should the trial court find that the landlord became obligated to notify the insurer only after she received the letter from the tenant's attorney, and also that she did bring that letter to the insurer's office on or about March 12, then judgment for her must follow. The delay of about one week was not unreasonably long.
The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion. Costs will abide the event. We do not retain jurisdiction.