101 N.J. Super. 149 (1968)
243 A.2d 824
STATE OF NEW JERSEY, BY THE POLITICAL SUBDIVISION, THE TOWNSHIP OF MIDDLETOWN, PLAINTIFF-RESPONDENT,
v.
NEW JERSEY DAIRIES, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1967.
Decided May 24, 1968.
*150 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Dean Sanford argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. Robert H. Otten argued the cause for respondent (Mr. Whitney Crowell, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant appeals from its conviction following a de novo trial in the Monmouth County Court of having installed its milk vending machines in violation of the setback requirements of the zoning ordinance of the Township of Middletown and of having failed to obtain *151 zoning permits for such machines. The court imposed a fine of $100 plus costs.
The case was heard on a stipulation of facts which can be summarized as follows. Defendant owned and operated eleven milk vending machines. Eight were installed in business zones and three in residential zones on sites which were leased to the defendant. It was agreed that if the location of the machines were subject to the zoning ordinance the front yard and side yard requirements of the ordinance had been violated. It was also conceded that defendant did not apply for and never received a zoning permit for the location of the machines.
The provisions of the township zoning ordinance, pertinent to the case, are as follows:
"§ 26.03 Definitions.
Certain words, phrases and terms in this Ordinance are defined for the purpose thereof as follows:

* * * * * * * *
(49) STRUCTURE. Structure means a combination of materials to form a construction that is safe and stable and includes, among other things, stadiums, platforms, radio towers, sheds, storage bins, fences and display signs.

* * * * * * * *
(53) YARD, FRONT. An open, unoccupied space on the same lot with the principal building, extending the full width of the lot and situated between the street line and the front line of the building projected to the side lines of that lot. Setback line shall be synonymous with the rearmost limit of the required front yard area.

* * * * * * * *
(55) YARD, SIDE. An open, unoccupied space between the side line of the lot and the nearest line of a building and extending from the front yard to the rear yard, or in the absence of either of such yards, to the street or rear lot lines as the case may be. The width of a side yard will be measured at right angles to the side line of the lot."
"§ 26.07 Schedule.
The schedule or regulations entitled, `Schedule of Area, Yard, and Building Requirements, Zoning Ordinance of the Township of Middletown, Monmouth County, New Jersey,' and attached hereto applying to the uses of land and buildings and open spaces, minimum sizes of lots, lot areas, and all other matters therein contained as indicated for the various zones established by this Ordinance, and *152 the minimum and maximum regulations set forth therein, are hereby declared to be a part of this Ordinance."
"§ 26.08 General regulations.
(1) No building or structure shall hereafter be erected and no existing building shall be moved, structurally altered, added to or enlarged, rebuilt, nor shall any land be designed, used or intended to be used for any purpose other than those included among the uses listed as permitted uses in each zone by this Ordinance and meeting the requirements as set forth by the schedule appended hereto and constituting a part of this Ordinance. Nor shall any open space contiguous to any building or structure be encroached upon or reduced in any manner, except in conformity to the yard, lot area, building location, percentage of lot coverage, off-street parking space, and such other regulations designated in said schedule and this Ordinance for the zone in which such building, structure or space is located. In the event of any such unlawful encroachment or reduction, such building shall be deemed to be in violation of the provisions of this Ordinance and the certificate of occupancy for such building or structure shall thereupon become null and void.

* * * * * * * *
(8) Within the business zones, no products or goods shall be displayed or stored within the required front yard area of the lot."
"§ 26.24 Administration.

* * * * * * * *
(2) CERTIFICATES AND PERMITS.
A. Zoning permits. Zoning permits shall hereafter be secured from the office of the building inspector prior to construction, erection or alteration of any structure or sign or part of a structure or upon a change in the use of a structure or land."
"§ 26.27 Violations and penalties.
(1) * * * [T]he lessee * * * of * * * premises in which such violation [of any provision of this Ordinance] shall have been committed * * * shall for each and every violation upon conviction be imprisoned * * * for a period not exceeding Thirty (30) days or be fined not exceeding two hundred dollars ($200.00), or both. Each day that a violation is permitted to exist shall constitute a separate offense."
The trial judge concluded that the milk vending machines were "structures" as defined in the zoning ordinance. He held that the defendant violated the ordinance by not having obtained zoning permits for the machines and that such machines had been installed in violation of the front yard and side yard setback requirements of the ordinance. This appeal followed.
*153 Defendant alleges that the trial court erred in concluding that the milk vending machines were "structures" within contemplation of the zoning ordinance and also contends that the setback provisions of the ordinance were never intended to apply to milk vending machines. Defendant further argues that the zoning ordinance adopted by the township under the authority of N.J.S.A. 40:55-30, while not unconstitutional, cannot be constitutionally applied to milk vending machines because there is no reasonable relationship between a regulation requiring setbacks of such machines in front and side yards and the purposes of zoning set forth in N.J.S.A. 40:55-32.
We do not agree with the appellant's contentions. The definition of a "structure" contained in Section 26.03 (49) of the ordinance is sufficiently broad to include milk vending machines. Cf. Place v. Board of Adjustment of Borough of Saddle River, 42 N.J. 324, 328-29 (1964); Moore v. Bridgewater Tp., 69 N.J. Super. 1, 22 (App. Div. 1961). Moreover, while milk vending machines may not have been within the specific contemplation of the township governing body when the ordinance was adopted that does not render invalid the application of the ordinance in the instant case. It is an established rule of statutory construction that a statute (or ordinance) written in general terms will be given prospective application to situations unknown or nonexistent at the time of its enactment or adoption which are within its general purview and scope where the language fairly includes them. Safeway Trails, Inc. v. Furman, 41 N.J. 467, 477 (1964). As stated above, we believe that in its broad sense the word "structure" as defined in the ordinance includes milk vending machines, such as those which have been installed in the front yards of the properties in the instant case, and thus they are within the general purview and scope of the ordinance.
Further, we do not agree with the appellant's argument that the setback provisions of the ordinance cannot be constitutionally applied to the machines because there *154 is no reasonable relationship between such regulations and the purposes of zoning as expressed in N.J.S.A. 40:55-32. Among the purposes set forth in the statute are (1) to secure safety from fire and (2) to lessen congestion in the streets. In business zones, where eight of the machines are located, front and side yard setbacks afford access for fire-fighting equipment to all sides of a building located on the premises and further provide for parking and off-street loading facilities which lessen the congestion in the public streets fronting on the properties. Installing milk vending machines in the proscribed front yard area (and in one instance in this case a machine is located at the street line) may be expected to hinder or block access by fire-fighting equipment to the buildings on the premises. It may also produce greater congestion in the public streets and create traffic hazards when motorists do not drive their motor vehicles off the highway to use the facilities of such machines.
The same zoning objectives apply to residential zones where three of the machines are located. Moreover, such setback regulations afford room for lawns and trees, keep residences away from street traffic and noise, provide for recreation and relaxation and add to the attractiveness and comfort of a residential district.
We are satisfied that the setback requirements of the ordinance can properly be applied to the milk vending machines in this case.
Defendant also argues that setbacks are not a proper adjunct of the zoning power granted to municipalities in this State, i.e., that such requirements are not a valid exercise of the police power. The contention is without merit. See Gorieb v. Fox, 274 U.S. 603 (1927); San-Lan Builders, Inc. v. Baxendale, 28 N.J. 148 (1958); Place v. Board of Adjustment of Borough of Saddle River, supra, at p. 329; Zampieri v. River Vale Tp., 29 N.J. 599, 610 (1959), and see generally Rathkopf, Law of Zoning, chs. 34-4 and 34-22 to 23.
Finally, defendant claims the penalty provision of the ordinance is unconstitutional and void because it provides *155 for excessively cruel and unusual punishment and since the penalty cannot be enforced the ordinance itself is a nullity.
Section 26.27(1), referred to above, provides that for each violation a jail term not exceeding 30 days and a fine not exceeding $200, or both, may be imposed. It further provides that each day that a violation is permitted to exist shall constitute a separate offense. It is defendant's contention that if it were to be found guilty of an offense for every day during which the violation continued and sentenced to the maximum fine permitted by the ordinance for each of those days, the fine would be excessive and constitute cruel and unusual punishment.
Here defendant was found guilty of but one violation and a fine of $100 was imposed. It has sustained no injury because that provision of the ordinance relating to the cumulative imposition of sentences was not involved. In Town of Montclair v. Stanoyevich, 6 N.J. 479, 482-483 (1951), in a factually similar case where the same argument was advanced the court held it was not called upon to determine the validity of various sanctions which might be applied under the ordinance. See also Independent Warehouses, Inc. v. Scheele, 134 N.J.L. 133, 143-144 (E. & A. 1945). The fine of $100 imposed in the instant case was not excessive in constitutional intendment.
Affirmed.