STATE FARM COUNTY MUTUAL INSUR-
ANCE COMPANY OF TEXAS,
Appellant,

v.

Wesley H. PLUNK and Wilbur McCoy,
Appellees.

No. 17984.

Court of Civil Appeals of Texas,
Dallas.

March 1, 1973.

Rehearing Denied March 22, 1973.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Mark A. Troy, Jr., May, Troy & Block, Dallas, for appellees.

## ON MOTION FOR REHEARING

GUITTARD, Justice.

This suit was brought by the insured, Wesley Plunk, and a third party claimant, Wilbur McCoy, against State Farm County Mutual Insurance Company to establish coverage under an automobile liability policy. Our principal question is whether the evidence supports the jury's finding in answer to the only special issue submitted that the insured gave written notice of the accident to the insurance company "as soon as practicable," as required in the policy.[1]

---

1. This policy requirement is as follows:
   "3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time,

Appellant contends under its first, second and fourth points that the court erred in rendering judgment on the verdict because the evidence shows as a matter of law that written notice was not given "as soon as practicable." This contention requires a review of the evidence.

The accident occurred January 23, 1968, when an automobile driven by the insured Wesley Plunk struck the rear of an automobile driven by Wilbur McCoy. At the time McCoy did not complain of any personal injury. Both drivers agreed that the damage to McCoy's vehicle was minor and they decided not to call the police, but they exchanged insurance information, and Plunk admitted that the accident was his fault and said that he would pay for any damages to McCoy's car.

There is some dispute as to when Plunk first became aware of McCoy's injury. Plunk testified that McCoy telephoned him "about a week or two weeks after the accident," and said he was hurt. McCoy testified by deposition that the accident happened Tuesday, January 23, and that on the following Friday, January 26, he called Plunk and told him that he was making a claim for personal injury and that Plunk said that he would get in touch with his insurance company.

Admittedly, Plunk gave no written notice to the company until February 28, 1968, thirty-six days after the accident and thirty-three days, or perhaps less, after he learned of McCoy's injury. Plunk testified that he tried to call State Farm's agent William Busby the same day McCoy called him, and that he tried to get in touch with Busby "about three times," but never was able to do so until "about the third or fourth time." He said that on one of these occasions he went by Busby's office, but no one was there, and that on another occasion when he telephoned Busby's office a woman answered, and he told her he want-

ed to talk to Busby and report an accident, but she said Busby was not in, and he told her he would call back later. He testified that he gave her no information because he wanted to talk with Busby, and that he did not remember leaving any message. He acknowledged that the policy showed Busby's office and residence telephone numbers, and he said that he tried to talk to Busby at his home but was unable to do so.

Meanwhile, McCoy had employed a lawyer, who wrote a letter to Plunk dated February 20, 1968, with a copy to the State Farm claims office, advising of McCoy's intention to file suit and suggesting that Plunk get in touch with his insurance agent.

The testimony of Plunk and Busby differed concerning the circumstances of the notice on February 28. Plunk denied that Busby contacted him first. Busby testified that he received a telephone call from State Farm's claims office and he then called the Plunk residence and talked to Mrs. Plunk. He said that he asked her if Plunk had been involved in an accident, and that on the same evening Plunk came to the office and filled out an accident report form. Busby further testified that his office was open five and one-half days a week, that the hours were from 8:30 a. m. to 6:30 p. m., and that the office practice in case of any claim reported by telephone was that the secretary would immediately get as much information as possible down on paper and then get the insured to come in and sign an accident report.

The record shows that Plunk had completed only the third grade in public school, but he was thirty-seven years of age, had a wife and three children, had attended machinists' school, and had worked twelve years as a machinist. On deposition he said that he could read and write, but he testified at the trial that he could read very little and could not read the insurance

place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or

for the insured to the company or any of its authorized agents as soon as practicable."

policy. At this job he never worked in the office and never saw any contracts. He explains his failure to leave a message for Busby by saying that he worked ten hours a day five days a week and five hours on Saturday, and was not permitted to receive telephone calls during working hours.

Appellant insists that the case is controlled by Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955), in which the Supreme Court held that a policyholder's delay of thirty-two days in giving notice of an accident established as a matter of law that the notice was not given "as soon as practicable." The court recognized that this question was ordinarily one of fact, but said that it became a question of law under the undisputed facts of that case, since the testimony of the insured was not procured and there was no showing that he was unable physically or mentally to give notice. In *Klein* the delay was wholly unexplained, whereas in the case now before us the insured testified that on learning of McCoy's injury three days or more after the accident he made a prompt attempt to contact the agent of the insurance company and persisted until he succeeded in reaching the agent and in making a written report.

We hold that this testimony raises a fact issue as to whether notice was give "as soon as practicable." This contractual language is relative rather than precise and must be construed in favor of the insured. So construed, it has been held equivalent to "within a reasonable time"[2] and to invoke the standard of ordinary prudence.[3] Questions of "reasonableness" and "ordinary prudence" are ordinarily matters of fact and must be determined in the light of all the circumstances, including the experience and understanding of the person whose conduct is in question.[4] The insured is not excused by ignorance of the requirements of the policy, whether or not he was able to read it,[5] but his lack of education and experience in business matters may be considered in determining whether he acted reasonably in attempting to comply with it. Likewise, the insurer need not show prejudice from the delay,[6] but absence of prejudice to the insurer may be considered on the issue of unreasonableness of the time taken to give notice.[7] Reasonableness becomes a question of law when only one reasonable inference can be drawn from the evidence, as where no circumstances tending to excuse the delay are shown.[8] We hold that the insured's testimony of his unsuccessful efforts to reach the agent was some evidence tending to excuse his delay under the circumstances shown, and that the jury might reasonably

2. National Surety Corporation v. Diggs, 272 S.W.2d 605 (Tex.Civ.App., Fort Worth 1954, writ ref'd n. r. e.) ; Houck v. State Farm Mutual Automobile Ins. Co., 394 S.W.2d 222 (Tex.Civ.App., Beaumont 1965, writ ref'd n. r. e.).

3. Utica Mutual Ins. Co. v. State Farm Mutual Automobile Ins. Co., 280 F.2d 469 (4th Cir. 1960) ; Young v. Travelers Ins. Co., 119 F.2d 877 (5th Cir. 1941) ; Allstate Ins. Co. v. Darter, 361 S.W.2d 254 (Tex.Civ.App., Fort Worth 1962, no writ) ; Figueroa v. Puter, 84 N.J.Super. 349, 202 A.2d 195 (1964).

4. Atteberry v. Allstate Ins. Co., 461 S.W.2d 219 (Tex.Civ.App., El Paso 1970, writ ref'd n. r. e.) ; Central Surety & Ins. Corp. v. Anderson, 446 S.W.2d 897 (Tex. Civ.App., Fort Worth 1969, no writ) ; Figueroa v. Puter, 84 N.J.Super. 349, 202 A.2d 195 (1964).

5. Indemnity Ins. Co. v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553 (1937) ; Darnell v. Southwestern American Ins. Co., 240 S.W.2d 509 (Tex.Civ. App., Dallas 1951, no writ) ; Pickett v. Riley, 149 S.W.2d 990 (Tex.Civ.App., Waco 1941, no writ).

6. Members Mutual Ins. Co. v. Cutaia, 476 S.W.2d 278 (Tex.1972).

7. Figueroa v. Puter, 84 N.J.Super. 349, 202 A.2d 195 (1964).

8. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955) ; Hartford Accident & Indemnity Co. v. Day, 359 F.2d 484 (10th Cir. 1964) ; State Farm Mutual Automobile Ins. Co. v. Douglas, 207 Va. 265, 148 S.E.2d 775 (1966).

have drawn more than one inference concerning sufficiency of that excuse. Consequently, appellant's first, second and fourth points are overruled.

■ In its third point appellant contends that the verdict is so against the great weight and preponderance of the credible testimony as to be clearly wrong and unjust. This point also is overruled. Although Plunk's testimony concerning his efforts to contact the insurance company was not strong, we cannot say that it was against the great weight and preponderance of the evidence. The only contrary testimony was that of the agent Busby, who merely described the practice of his office and denied knowledge of any attempt by Plunk to get in touch with him. This testimony did not directly contradict Plunk's testimony that he did make such attempts.

■ Appellant's fifth point complains that the special issue inquires only as to the timeliness and not as to the adequacy of the notice given by the insured. It argues that the issue "failed to accurately track the policy language" with respect to the contents as well as the timeliness of the notice. This point is overruled. The agent testified that on February 28, the day on which telephone contact was finally made, the insured came to the agent's office and "completed an automobile accident report form." The agent further testified that the practice of his office in such cases was to "get as much information as possible." The report itself was not in evidence but was presumably in possession of the appellant. We think this evidence was sufficient to show, at least prima facie, that the content of the written notice of February 28 was in compliance with the requirements of the policy, and to cast on appellant the burden to introduce the notice in evidence if it seriously contended that such notice was inadequate.

■ Appellant's sixth, seventh and eighth points complain of the instruction,

italicized below, which followed the single special issue and its accompanying definition, as follows:

"Do you find from a preponderance of the evidence that written notice of the accident in question was given to State Farm County Mutual Insurance Company of Texas by or for Wesley Plunk as soon as practicable, as that phrase is defined hereunder, under the circumstances?

"You are instructed that the phrase 'as soon as practicable' means as soon as notice would have been given by an ordinary prudent person in the exercise of ordinary care in the same or similar circumstances. *The circumstances may be the lack of intelligence, if any, inexperience, if any, and incapacity for understanding, if any, on the part of Wesley Plunk.*" (Italics added.)

The sixth point asserts that this instruction permitted the jury to speculate that plaintiff's ignorance of the contractual requirement of notice would justify his failure to comply with it. We agree that the instruction was erroneous in this respect. However, we find no language in appellant's objections to the charge pointing this error out clearly to the trial court. The objection which comes closest complains only, "The instruction as given is too narrow in scope, in that the last sentence is prejudicial and inflammatory to the rights of this defendant, in that it takes away from the jury the reasonable or prudent person concept and allows the jury to speculate or draw upon conjecture." This was not a clear and distinct specification of the error as required by Texas Rules of Civil Procedure, rule 274.

■ Appellant's seventh point complains that the quoted instruction is erroneous because there is no evidence to support the circumstances mentioned in the last sentence. This point is overruled because we conclude that the jury was entitled to draw the inference from Plunk's

lack of education, his limited capacity to read, and the largely manual character of his business experience, as well as from the jury's own observation of his conduct in the courtroom and the manner of giving his testimony, that he had at least a relative lack of experience and understanding, which, though not excusing him from compliance with the notice requirement, was nevertheless proper for consideration in determining the reasonableness of his conduct in attempting to give the notice.

■ Appellant's eighth point asserts that the instruction in question "contained a clear comment on the weight of the evidence by the trial court that Wesley Plunk was lacking in intelligence, experience, and capacity for understanding." We find this point also to be unsupported by any objection distinctly making this complaint in the trial court. The objections were "that such sentence constitutes a comment by the Court and permits the jury to speculate and draw upon conjecture and to infer that Mr. Plunk has a lack of intelligence or experience or any capacity for understanding, for which there is no evidence," and further "that such statement by the Court constitutes a comment in that it fails to specify what circumstances the Court has reference to, and, therefore, allows the jury to speculate and draw upon conjecture." The objection that the instruction "constitutes a comment" is too general in itself and must be considered as limited by the more particular language of the objection. Consequently, it cannot be taken as pointing out specifically that the instruction amounted to an indication of an opinion by the court that Plunk was lacking in intelligence, experience and capacity for understanding.

■ By its ninth point appellant complains that the trial court refused to let it counteract the effect of the insured's testimony that he did not know that he was "supposed to report a collision within a certain period of time" by testimony of the agent concerning the notice requirement of the standard Texas automobile policy. This point is not preserved for appeal, since the witness' answer is not given in the statement of facts or by bill of exceptions.[9]

Appellee's motion for rehearing is granted, our former opinion is withdrawn, our judgment of reversal is set aside, and the judgment of the trial court is affirmed.

---

9. Bell v. Bradshaw, 342 S.W.2d 185 (Tex. Civ.App., Dallas 1960, no writ) ; Gass v. Baggerly, 332 S.W.2d 426 (Tex.Civ.App., Dallas 1960, no writ).