194 N.J. Super. 359 (1984)
476 A.2d 1262
MARVIN F. MATLACK, JOHN W. STORY AND JUNE G. STORY, PLAINTIFFS-APPELLANTS,
v.
BURLINGTON COUNTY BOARD OF CHOSEN FREEHOLDERS, ET AL., DEFENDANTS-RESPONDENTS, NEW JERSEY CONSERVATION FOUNDATION AND THE ENVIRONMENTAL DEFENSE FUND, INC., DEFENDANT-INTERVENORS-RESPONDENTS, AND NEW JERSEY PINELANDS COMMISSION, AMICUS CURIAE.
Superior Court of New Jersey, Appellate Division.
Argued June 5, 1984.
Decided June 14, 1984.
*360 Before Judges BOTTER, PRESSLER and O'BRIEN.
Sam Kazman of the District of Columbia bar, admitted pro hac vice, argued the cause for appellants (John W. Beasley, Jr., for Matlack, and Goldman & Goldman, for John and June Story; John W. Beasley, Jr., Joseph W. Marshall, III, of the Mid-Atlantic Legal Fund, Bonnie Goldman and Jeffrey Goldman, *361 and Sam Kazman, of the Pacific Legal Foundation, of counsel and on the brief).
Michael J. Hogan argued the cause for respondents (M. Jefferson Davis and Anton Muschal, on the brief).
James T.B. Tripp of the New York bar, admitted pro hac vice, argued the cause for the intervenors (Cerrato, O'Connor, Mehr & Saker, attorneys; James E. Collins and James T.B. Tripp, on the brief).
Mary C. Jacobson, Deputy Attorney General, argued the cause for amicus curiae, New Jersey Pinelands Commission (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Deborah T. Poritz, Deputy Attorney General of counsel; Mary C. Jacobson, on the brief).
PER CURIAM.
Plaintiffs' sole contentions on this appeal are that (1) respondent Burlington County Board of Chosen Freeholders lacks authority to acquire Pinelands Development Credits (PDC's) incidental to its acquisition of conservation easements and (2) funds derived through the County's conservation easement bond ordinance cannot be used to purchase PDC's because the ordinance did not contemplate their acquisition. We reject these contentions substantially for the reasons given by Judge Gottleib in the Law Division. 191 N.J. Super. 236 at 249-252.
With respect to interpreting the scope of the bond ordinance, we note that the same rules of judicial construction apply to the interpretation of ordinances as apply to the interpretation of statutes. AMN, Inc. v. South Brunswick Tp. Rent Leveling Bd., 93 N.J. 518, 524-525 (1983); Camarco v. City of Orange, 61 N.J. 463, 467 (1972). Where the drafters of a statute or ordinance did not consider or contemplate a specific situation, a court should interpret the enactment "consonant with the probable intent of the draftsman `had he anticipated the situation at hand.'" AMN, Inc. v. South Brunswick Tp. Rent Leveling Bd., 93 N.J. at 525, quoting Jersey City Chapter *362 of Property Owner's etc. Ass'n v. City Council, 55 N.J. 86, 101 (1969). Such interpretations should not "turn on literalisms, technisms or the so-called formal rules of interpretation," but rather should rely upon the "breadth of the objectives of the legislation and the common sense of the situation." 55 N.J. at 100. See also State v. New Jersey Dairies, 101 N.J. Super. 149, 153 (App.Div. 1968). The objective is to further the legislative purpose. Property Owners Ass'n of No. Bergen v. North Bergen Tp., 74 N.J. 327, 338 (1977). Clearly, these principles apply as well to a bond ordinance. See Dolan v. Tenafly Boro., 75 N.J. 163, 172 (1977). We are satisfied, therefore, that the expenditure of funds derived from bonds issued under the conservation easement bond ordinance to acquire PDCs as an incident of acquiring conservation easements was not unlawful.
Affirmed.