MATAWAN REGIONAL TEACHERS ASSOCIATION, PLAINTIFF, v. MATAWAN-ABERDEEN REGIONAL BOARD OF EDUCATION, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

May 19, 1986.

*Nancy Iris Oxfeld* for plaintiff.

*Vincent De Maio* for defendant.

PESKOE, J.S.C.

This is an expansion of a letter opinion dated April 18, 1986 which has been implemented by order dated May 19, 1986.

This in lieu of prerogative writs matter raises novel issues under the state's Open Public Meetings Act, *N.J.S.A.* § 10:4–6 *et seq.* Plaintiff, Matawan Regional Teachers Association (hereafter "association") asserts that defendant, Matawan-Aberdeen Board of Education (hereafter "board"), failed to make minutes of certain meetings "promptly available to the public" as required by § 4–14 of the act. No case has yet construed these terms for purposes of this act. Nor has any court determined the appropriate remedy where a public body fails to make its minutes "promptly available."

The facts are not disputed. The association is the certified collective negotiations representative for certain of the board's employees. The board held meetings on the dates indicated involving the following subjects:

May 28, 1985: Special Action Meeting on Requirements for Graduation.
June 3, 1985: Special Meeting on School District Reorganization.
June 10, 1985: Discussion Meeting on School District Reorganization.
June 17, 1985: General Action Meeting.
June 19, 1985: Action Meeting followed by Special Meeting on District Reorganization.

Minutes of the May 28, 1985 meeting were distributed on or about June 11, 1985 and approved at a July 15, 1985 meeting. Minutes of the June 3, June 10, June 17 and June 19, 1985 meetings were completed between July 15 and August 19, 1985, and approved at an August 19, 1985 meeting.

The association complains that the minutes of all five meetings were not promptly available. It seeks injunctive relief to ensure future compliance. The board maintains it has substantially complied with the act.

The Open Public Meetings Act asserts a legislative policy "favoring public involvement in almost every aspect of government." *Polillo v. Deane*, 74 *N.J.* 562, 569 (1977), *N.J.S.A.* § 10:4-7. To further this policy the act provides that:

Each public body ... shall keep reasonably comprehensible minutes of all its meetings showing the time and place, the members present, the subjects considered, the actions taken, the vote of each member, and any other information required to be shown in the minutes by law, *which shall be promptly available to the public* to the extent that making such matters public shall not be inconsistent with section 7 of this act. [*N.J.S.A.* § 10:4-14; emphasis supplied]

The legislation is to be liberally construed to effectuate its policy. *N.J.S.A.* § 10:4-21; *Rice v. Union County Regional High School Bd. of Ed.*, 155 *N.J.Super.* 64, 70 (App.Div.1977). Strict adherence to the letter of the law is required in considering whether a violation has occurred. *Polillo, supra*, 74 *N.J.* at 578; *Rice*, 155 *N.J.Super.* at 70.

The act does not merely require publication of the minutes. It requires that the minutes be made *promptly available.*

Board minutes could be made available at any time if the act's purpose was simply to provide a history of the meeting and what occurred. Title 18A vests broad powers in the board. These powers potentially affect vital interests of many segments of society. There is clear justification for requiring prompt publication of board minutes.

Making minutes promptly available implements the act's overall purpose in three (3) ways:

1. Enabling those attending a meeting to know what occurred at prior meetings. This is particularly important if successive meetings deal with related issues, as here.
2. Providing all persons with the opportunity to take action prior to the next meeting of the public body.
3. Informing persons, who might be aggrieved by actions of the public body and enabling them to take appropriate and timely steps to appeal or otherwise respond.

No definition of "promptly available" appears in the act.[1] Absent an explicit indication that a special meaning is intended, words of a statute are given their ordinary and well understood meaning. *Matter of Schedule of Rates for Barnert Memorial Hospital*, 92 *N.J.* 31, 40 (1983); *Levin v. Parsippany-Troy Hills Tp.*, 82 *N.J.* 174, 182 (1980). Where there is room for interpretation, a court should construe statutory language in light of the spirit of the legislation and the common sense of the situation. *Suter v. San Angelo Foundry & Mach. Co.*, 81 *N.J.* 150, 160 (1979); *Matlack v. Burlington County Bd. of Chosen Freeholders*, 194 *N.J.Super.* 359, 361–362 (App.Div. 1984).

Literally, "prompt" connotes action taken "at once" or "immediately, without delay." *Webster's Third New International Dictionary* (3 ed. 1971) 1816. However, this literal meaning makes no sense when applied to the act. Public bodies cannot make minutes available immediately upon conclusion of a meeting. The process of transcription alone requires some time.

---

[1]The act defines only one temporal requirement, "adequate notice" of a public meeting. *N.J.S.A.* § 10:4-8(d) (at least 48 hours advance notice).

In this State "prompt" and similar terms have been construed only with respect to insurance policy clauses. In the insurance context, "immediate" and "prompt" mean "within a reasonable time in light of the particular facts." *Figueroa v. Puter,* 84 *N.J.Super.* 349, 354 (App.Div.1964); *Miller v. Zurich Gen. Accident & Liability Ins. Co.,* 36 *N.J.Super.* 288, 294–295 (App.Div.1955). *See Black's Law Dictionary* (5 ed. 1979) 1093. The Board says that the insurance standard applies to them; that for purposes of this case, "reasonable time" should be equated with "practical." The board maintains, therefore, that it may establish its own priorities and is free to make minutes available in whatever time is needed to prepare them, whether it is five days or 30 days.[2] The Association argues that applying the insurance standard to Board meeting minutes would thwart the purpose of the legislation.

The statutory language must be viewed in light of the duty imposed on the board by the act as a whole. *Cf. Moore v. Magor Car Corp.,* 27 *N.J.* 82, 86 (1958) (interpreting "reasonable time" provision of the Workmen's Compensation Act). Even though the act omits a specific deadline for the production of minutes, it clearly directs their prompt availability. The lack of a statutory time limitation cannot vitiate this statutory directive. *Cf. Caswell v. Califano,* 435 *F.Supp.* 127, 134 (N.D. Me.1977) (Secretary of the Department of Health, Education and Welfare did not have complete discretion to determine the "reasonable time" for a disability hearing despite absence of statutory definition).

The act's use of the word "promptly," not "reasonable time" or any equivalent term, makes clear that the legislative purpose

---

[2]The court's attention has been directed to *Lange v. Bd. of Ed. of Laurel Springs* OAL DKT. NO. EDU 7113–84 (1985) for a standard of promptness. There, the administrative law judge ordered defendant to make minutes available "as soon as they were typewritten" and not wait until they were approved at a meeting. This court is not bound by this unpublished opinion and, further, finds the standard inappropriate here.

of the Open Public Meetings Act is not served by mere desultory publication of minutes. A standard for publication of the minutes must be consistent with that purpose. Further, the standard must be made known so that it can be enforced and the public and the association, here, can have meaningful recourse to the remedies provided by the act itself. Accordingly, the court must determine the appropriate standard.

To arrive at a proper standard for "prompt availability" of minutes in the context of the act, the court must marshall and weigh relevant factors. *Cf. In the Matter of Boston and Maine Corporation, Debtor,* 378 *F.Supp.* 68, 71 (D.Mass.1974). The board urged the court to consider its convenience and its need to allocate tasks among its employees as one factor in setting a standard. This misconceives the board's position under the mandate of the act. The board's obligation is to adapt to the standard required by the act and to plan its employees' assignments accordingly. The court does not consider the mere convenience of the board to be a relevant factor.

Factors considered in this case are as follows:
1. Prior experience in the publication of board minutes.
2. The subject matter of the minutes and its importance to the association and others directly affected by board action.
3. The subject matter of the minutes and its importance to the public, in general.
4. The intervals at which regular meetings were scheduled.
5. Whether meetings complained of were regularly scheduled or were, because of some exigency, held so close together that the board could not reasonably be expected to abide by the act's requirement.

The board produced the minutes of the May 28, 1985 meeting two weeks later. Minutes of all other meetings complained of were not available until at least thirty days after the meeting dates. The explanation the Board offered for the difference in publication time related to office equipment problems.

Education issues of the kinds discussed by the board are of utmost importance to the association members and to the public. This is true of all meetings in question. The issue of school district reorganization was considered at three meetings.

Two were held in succession, and one week apart, and the third nine days after the second.

The meetings generally followed a weekly pattern. Counsel indicated that for most of the year meetings were scheduled every two weeks. The board made no claim that any meetings were called on an emergency basis.

■ Upon examination of the factors set forth, the court concludes that the board's minutes, in order to be promptly available as required by the Open Public Meetings Act, must be available within two weeks after any regular meeting. If successive meetings involving the same subject matter are held at intervals shorter than two weeks, the board shall make the minutes of the earlier meeting available in advance of the later one.

In this case the board made the minutes of the May 28, 1985 meeting available promptly. The board violated the act, however, in failing to make minutes of the other four meetings available, as required.

The violations result in "nonconforming meetings" on the four dates. Remedies provided by the statute are as follows:

1. voiding of actions taken at nonconforming meetings, *N.J.S.A.* § 10:4–15;
2. injunctive orders, *N.J.S.A.* § 10:4–16;
3. imposition of fines for intentional violations, *N.J.S.A.* § 10:4–17.

The court must consider the nature, quality and effect of the noncompliance in fashioning a corrective remedy. Substantial compliance with the act carries some weight. *Polillo v. Deane,* 74 *N.J.* 562, 569 (1977); *Precision Indus. Design Co. v. Beckwith,* 185 *N.J.Super.* 9, 15 (App.Div.1982). The relief should be appropriate to the particular situation. *Polillo, supra.*

■ Injunctive relief is the appropriate remedy in this case. No specific adverse effect of the violations in the past is alleged by the association. Voiding the actions of these meetings would be unproductive. Intentional violation is not alleged. The concern of the court is the board's future compliance.

■ The association need not show irreparable harm to be entitled to injunctive relief. Where injunctions are creatures of statute, all that need be proven is a statutory violation. *Hoffman v. Garden State Farms, Inc.*, 76 *N.J.Super.* 189, 201 (Ch.Div.1962) (injunction for violation of Milk Control Act), *see also S.E.C. v. Northeastern Financial Corp.*, 268 *F.Supp.* 412, 414 (D.N.J.1967) (violation of federal security laws). Other jurisdictions, having similar open meetings acts, hold that the legislative intent is to allow injunctions once a violation is shown and relief is deemed appropriate. *See Times Publishing Co. v. Williams*, 222 *So.*2d 470 (Fla.Dist.Ct.App.1969); *Common Council of City of Peru v. Peru Daily*, 440 *N.E.*2d 726 (Ind.Ct.App.1982). Violation of the statutory mandate constitutes irreparable public injury *per se.*

The court expresses no view as to *how* the board must distribute its minutes in order to comply with the statute. That issue is not before the court.